It GUIDRY, J.,
dissenting.
I strongly disagree with the result-oriented approach taken by the majority in fashioning its opinion.
As the majority correctly points out, initially the council had a ten-day period to call a special election. As the tenth day fell on a legal holiday, the council actually had until December 29 Further, because of the eleven-week provision of 18:402(E)(1), the council could not call a March election after December 22. From there, the majority starts down a slippery slope focusing not on the law that they have so clearly *44 articulated, but rather on the alleged bad acts of one of the parties. From there the majority pulls out of thin air an interpretation of the charter that the mayor can decide that some bad faith acts by one or more members of the council can reduce the ten day provision and allow him to act. Having judicially rewritten that provision of the charter, the majority leaps hurdle after hurdle in reaching [3the conclusion that the charter intended the mayor to be “a back-up person”, but then can’t quite decide what to call this judicially created position, whether to call him acting mayor, de facto mayor, or just plain mayor. Whatever you call him, the charter, as plainly written, did not allow him to issue the proclamation before the end of the ten-day period. Therefore, the Secretary of State did not have a legal proclamation, and should be enjoined from calling an illegal election.
Therefore, I respectfully dissent.